IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HERBET HOOVER PRATT, III, #2094982 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv192 |
| ALVIS HALL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Herbert Hoover Pratt, III, a prisoner confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

Plaintiff is suing Alvis Hall, William Wheat, Amy Oliver, Stacie Crowley, Terry Burson, Keith Gorsuch, State Classification Committee ("SCC") Chairperson John Doe,[1] and SCC Chairperson Jane Doe in their individual capacities. Plaintiff asserts Defendants violated his right to due process regarding a July 17, 2019, disciplinary case, Disciplinary Case No. 20190279916, charging Plaintiff with the introducing and possessing of contraband while he was confined at the Beto Unit.[2]

[1] Defendants John Doe and Jane Doe have not been identified. As such they have not filed an answer or otherwise appeared.

[2] Plaintiff's claims against McConnel Unit Gene Miller and Region IV Director Miguel Martinez were severed and transferred to the Southern District of Texas, Corpus Christi Division. (Dkt. #4).

The present Report and Recommendation concerns Defendants Alvis Hall, William Wheat, Amy Oliver, Staci Crowley, Terry Burson, and Keith Gorsuch's motion for summary judgment (Dkt. #27), The Court recommends that Defendants' motion for summary judgment be **GRANTED**.

Plaintiff's Factual Allegations

Plaintiff's live pleading is his Original Complaint. (Dkt. #1). In order to clarify Plaintiff's claims, the Court ordered Plaintiff to provide a response to the Court's Order for a More Definite Statement. (Dkt. #8). Plaintiff filed his response to the Order for a More Definite Statement on June 25, 2021. (Dkt. #12). The Court considers Plaintiff's Response (Dkt. #12) as a supplement to his Original Complaint. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (holding that a court is limited to a consideration of the well-pleaded allegations of Plaintiff's complaint, including any attachments thereto or documents incorporated by reference therein); *Wright v. Dollar Tree Stores, Inc.*, 2014 WL 11456816 (N.D. Tex. Sept. 16, 2014). Plaintiff is bringing claims for denial of denial process under the Fourteenth Amendment.

On July 11, 2019, inmate Justin Campbell was found with contraband—tobacco, K2, marijuana, ecstasy pills, and a cell phone—in his cell. On July 17, 2019, Plaintiff received a disciplinary case for the same contraband. Campbell and Plaintiff were not cellmates. Plaintiff maintains that the contraband was never in his possession. The Counsel Substitute interviewed Campbell and he admitted that the contraband belonged to him.

Each Beto Unit warden interviewed Plaintiff as to his knowledge of the contraband and he was ultimately placed in Pre-Hearing Detention ("PHD"). Eventually, he was removed from PHD and placed back into general population housing. He contends that Warden Gorsuch took part in the initial investigation and determined to place Plaintiff back in PHD after the disciplinary

hearing. He further alleges that Warden Gorsuch was also the deciding member at the Administrative Segregation Committee ("ASG") that placed him in restrictive housing for over eighteen (18) months.

During his disciplinary hearing, he asserts Captain Alvis Hall, the disciplinary hearing officer ("DHO"), violated his due process rights by: (1) repeatedly turning off the tape recorder during his hearing; (2) failing to provide an appropriate written disposition during the entire process; (3) denying Plaintiff the right to question witnesses; (4) failing to acknowledge exculpatory or mitigating evidence; and (5) failing to follow established procedural rules in violation of Plaintiff's Fourteenth Amendment rights. Plaintiff states that he lost good time, which ultimately affected the duration of his confinement.

Plaintiff filed numerous grievances appealing his disciplinary conviction and challenging the procedures that occurred during his disciplinary hearing. His grievances were denied. Plaintiff then filed a federal writ of habeas corpus challenging his disciplinary conviction and the due process violations that occurred during the disciplinary hearing. *See Pratt v. Lumpkin*, Civil Action No. 2:20-cv-00183 (S.D. Tex. June 28, 2021).

After filing his Section 2254 federal habeas corpus petition, Plaintiff's disciplinary case was administratively overturned, and all of his good time and privileges were restored. He, however, remained in restrictive housing for an additional three (3) months. While Plaintiff was in restrictive housing, he contacted Program Supervisor Stacey Crowley, Counsel Substitute Supervisor Amy Oliver, and State Classification Committee ("SCC") committee persons John Doe and Jane Doe regarding his situation and the violation of his due process rights.

Plaintiff is seeking $25,000 per defendant in compensatory damages and $18,000 per defendant in punitive damages. Plaintiff also seeks court costs and attorneys' fees.

Defendants' Motion for Summary Judgment

Defendants Hall, Wheat, Oliver, Crowley, Burson, and Gorsuch filed a motion for summary judgment (Dkt. #27) on April 4, 2022. They assert they are entitled to summary judgment because Plaintiff did not demonstrate that he suffered a physical injury and that his housing assignment in administrative segregation is not a basis for a deliberate indifference claim. Lastly, Defendants assert that they are entitled to qualified immunity.

In support of their summary judgment motion, Defendants attached:

(1) Plaintiff's Classification records from the period of January 1, 2019, to January 31, 2020, with a business records affidavit (bated no. 132–65). (Dkt. #27-1).

(2) Plaintiff's Relevant grievance records covering the period of July 1, 2019, to January 31, 2020, with a business records affidavit (bated nos. 1–131). (Dkt. #27-2).

(3) Affidavit of Staci Crowley. (Dkt. #27-3).

(4) Other relevant selections from Pratt's grievance record, including disciplinary hearing documents (bated no. 166–218). (Dkt. #27-4–6).

The Court has conducted an independent review of Defendants' summary judgment evidence in conjunction with the facts as set forth in Plaintiff's Original Complaint and Response to Order for More Definite Statement. Defendants' arguments will be fully examined in the Discussion and Analysis section of this Report and Recommendation.

Plaintiff's Response

Plaintiff filed a response (Dkt. #34) to Defendants' motion for summary judgment on July 14, 2022. He attached the following documents in support of his response:

(1) Plaintiff's declaration under penalty of perjury regarding Alvis Hall, dated June 29, 2022. (Dkt. #34-1, pp. 1-3).

(2) Plaintiff's declaration under penalty of perjury regarding William Wheat, dated June 29, 2022. (Dkt. #34-1, pp. 4-7).

(3) Plaintiff's declaration under penalty of perjury regarding Terry Burson, dated June 29, 2022. (Dkt. #34-1, pp. 8-11).

(4) Plaintiff's declaration under penalty of perjury regarding Keith Gorsuch, dated June 29, 2022. (Dkt. #34-1, pp. 12-15).

(5) Plaintiff's declaration under penalty of perjury regarding Stacie Crowley, dated June 29, 2022. (Dkt. #34-1, pp. 16-31).

(6) Plaintiff's declaration under penalty of perjury regarding Amy Oliver, dated June 29, 2022. (Dkt. #34-1, pp. 32-38).

(7) Plaintiff's declaration under penalty of perjury regarding John Doe, dated June 29, 2022. (Dkt. #34-1, pp. 39-46).

(8) Plaintiff's declaration under penalty of perjury regarding Jane Doe, dated June 29, 2022. (Dkt. #34-2, pp. 1-8).

(9) Plaintiff's declaration signed under penalty of perjury in support of listed "Rules, Policies, and Procedures. (Dkt. #34-2, pp. 9-11).

(10) Plaintiff's Request of Production of Documents and Expert Witness. (Dkt. #34-2, pp. 12-17).

(11) Plaintiff's Motion to Strike Defendants' summary judgment exhibit A at 145, 148-50. (Dkt. #34-2, pp. 18-21).

(12) Plaintiff's declaration under penalty of perjury regarding effected liberty interest. (Dkt. #34-2, pp. 22-30).

(13) Plaintiff's declaration under penalty of perjury regarding "John Doe, Jane Doe, Stacie Crowley, and Amy Oliver." (Dkt. #34-2, pp. 31-33).

(14) Plaintiff's declaration to support dismissal of summary judgment. (Dkt. #34-2, pp. 34-36).

(15) Plaintiff's declaration to support Actual Date SCC released from Seg. (Dkt. #34-2, pp. 37-41).

Plaintiff's documentary evidence and legal arguments will be fully examined in the Discussion and Analysis section of this Report and Recommendation.

Standard of Review

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party for summary judgment has the burden of proving the lack of a genuine dispute as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247–48.

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle S. Util., Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the

record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

To carry this burden, the non-movant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589–90 (5th Cir. 2004); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). All reasonable inferences are drawn in favor of the non-moving party, but the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only "a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011); *Chacon v. York*, 434 F. App'x 330, 332 (5th Cir. 2011).

"Because summary judgment is a final adjudication on the merits, courts must employ this device cautiously." *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991) (citation omitted). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980).

Unserved and defaulting former officials are entitled to "benefit from the appearing defendant's favorable summary judgment motion." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *see also Bloch v. Samuels*, Civil Action No. H-04-4861, 2006 WL 2239016, at *9 (S.D. Tex. Aug. 6, 2006). Defendants John Doe and Jane Doe are likewise entitled to have Plaintiff's claims dismissed pursuant to Rule 56.

Discussion and Analysis

1. Due process claims

In July 2019, Plaintiff was found guilty of introducing and possessing contraband in a correctional institution in Disciplinary Case No. 20190279916. His punishment included: (1) a loss of 360 days of good time credit, (2) 45 days of recreation and cell restrictions, (3) 60 days of commissary and telephone (OTS) restrictions, and (4) a line class reduction from S3 to L3. As a result of his disciplinary conviction, Plaintiff was placed in administrative segregation for a period of 18 months. After appealing various procedural discrepancies that occurred during his disciplinary hearing through the grievance process, Plaintiff's disciplinary conviction was administratively overturned. His good time and privileges were returned to him.

*A. False Disciplinary*

Plaintiff claims that he was denied due process through the receipt of a false disciplinary case, which was later overturned. There "is no freestanding constitutional right" to be free from false charges. *Castellano v. Fragozo,* 352 F.3d 939, 945 (5th Cir. 2003); *Palmisano v. Bureau of Prisons,* 258 F. App' x 646, 2007 WL 4372800 (5th Cir. Dec. 11, 2007) (stating that the assertion that the defendants brought false charges against him does not alone implicate his constitutional rights) (citing *Castellano,* 352 F.3d at 953–54)).

The fact that Plaintiff's disciplinary case was overturned does not show that Plaintiff was denied due process when he was found guilty after his hearing. The Constitution does not guarantee that only the guilty will be arrested; if it did, 42 U.S.C. § 1983 would provide a cause of action for every defendant acquitted and every suspect released. *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982). Likewise, the Constitution does not provide a cause of action for every inmate whose

disciplinary case is overturned on appeal. *See Davis v. Foxworth,* Civil Action No. 6:14-cv-996, 2016 WL 11474087 (E.D. Tex. Sept. 21, 2016), *Report adopted at* 2016 WL 643668 (E.D. Tex., November 1, 2016), *appeal dismissed* (finding no constitutional violation where prisoner was charged with planning to escape but charge was later overturned); *Romero v. Lann*, Civil Action No. 5:06-cv-82, 2007 WL 2010748 (E.D. Tex. July 6, 2007), *aff'd,* 2008 WL 5397115 (5th Cir. Dec. 29, 2008) (finding that there was no retaliatory intent on the basis that the disciplinary conviction was overturned without more). The fact that Plaintiff's disciplinary charge was later overturned on the basis of a procedural violation does not itself show a due process violation.

Although Plaintiff states the charges were "false," the Fifth Circuit has held there is no due process violation if a prisoner who is falsely accused of charges is given an adequate state procedural remedy to challenge the accusations. *Grant v. Thomas*, 1994 WL 558835 (5th Cir. Sept. 23, 1994), *citing Collins v. King*, 743 F.2d 248, 253–54 (5th Cir. 1984); *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) (prison inmate has no constitutional right against being falsely accused of conduct which might result in the deprivation of a liberty interest). Plaintiff does not contend he lacked an adequate state procedural remedy to challenge the accusations against him; and in fact, he was successful in using the available state procedures to overturn the disciplinary case. Taking the evidence in the light most favorable to the non-movant, Plaintiff fails to state a claim that rises to the level of a constitutional violation.

B.  *Due process violations at the disciplinary hearing*

Plaintiff asserts that there were improprieties in his disciplinary hearing. Plaintiff specifically complains that he was not allowed to call or question witnesses at his disciplinary hearing. The Fifth Circuit has held prison officials are not required to permit the testimony of

witnesses at disciplinary hearings or offer reasons for prohibiting the testimony. *Houser v. Dretke*, 395 F.3d 560, 562–63 (5th Cir. 2004) (finding that prisoner's "lone constitutional claim, therefore, is that his witnesses were not permitted to testify. No reasonable jurist could find debatable the absence of a constitutional claim on these facts"); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (confrontation and cross-examination of witnesses is not required in a prison disciplinary hearing). In any event, Plaintiff fails to allege, much less show, his requested witnesses would have testified favorably to him or would have had relevant, non-cumulative evidence to present at the hearing. *See Tucker v. Thaler*, Civil Action No. 4:09-cv-3252, 2010 WL 1903601 (S.D. Tex. May 14, 2010) (holding that evidence which duplicated the prisoner's own statement at the hearing was properly excluded as cumulative).

He further asserts that Captain Hall, the DHO, failed to consider exculpatory evidence of Plaintiff's involvement with the contraband. Plaintiff does not identify what evidence or testimony would have been exculpatory. He has offered nothing beyond speculation to show such exculpatory evidence would in fact prove his "innocence" regarding the introduction and possession of the contraband. Even if the DHO erred in failing to consider the exculpatory evidence, Plaintiff fails to show that a due process violation took place. In the context of prison disciplinary proceedings, the Constitution requires due process, not error-free decision-making. *Bustamante v. Director, TDCJ-CID*, Civil Action No. 6:08-cv-458, 2009 WL 1812783, at *6 (June 25, 2009). Drawing all reasonable inferences in his favor, Plaintiff's claim is without merit.

    C.  *Sanctions imposed as a result of the disciplinary case*

Even if Plaintiff served some or all of the punishments of commissary restriction or cell restriction which were imposed in the disciplinary case prior to its being overturned, these

punishments did not implicate any constitutionally protected liberty interests. *Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1996); *Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir. 2000), *citing Sandin v. Conner,* 515 U.S. 472, 485–86 (1995). Mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). As such, phone privileges, recreation limitations, and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958–59. These punishments did not infringe upon any constitutionally protected liberty interests and thus do not trigger due process protections. *Id*., at 959; *see Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015) (the procedural protections of the Due Process Clause are triggered only where there has been a deprivation of a constitutionally protected life, liberty, or property interest).

To the extent Plaintiff asserts his line class status or his disciplinary record affects his ability to appear before the parole board, the restrictions on Plaintiff are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. Plaintiff's complaint that he suffered various restrictions as a result of the overturned disciplinary case fail to state a constitutional claim.

Plaintiff asserts that 360 days of good time were taken as a result of the disciplinary case. His good time was restored, rendering the claim moot. He has not shown that there was a constitutionally protected liberty interest implicated in the taking of such good time. *See Crumbley v. Helem,* 485 F. App'x 1, at *3 (5th Cir. Mar. 22, 2012) (finding that the plaintiff "has not shown that he was denied any constitutional rights in connection with the disciplinary charge and

conviction because it was overturned on appeal and deleted from his computer file, and his good time credits were restored."). Because Plaintiff cannot show that the complained-of actions in this case resulted in the violation of a constitutionally protected liberty interest, his claim on this point is without merit.

D. *Placement in Administrative Segregation*

Plaintiff asserts that Warden Gorsuch is the deciding member at the ASC that placed Plaintiff in restrictive housing for over eighteen months. Plaintiff does not have a liberty interest that is violated by his placement in administrative segregation. *Tamez v. Buentello*, 80 F. App'x 933, 934 (2003) (citing *Pichardo,* 73 F.3d at 613); *Lukin v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995). He maintains that his placement in administrative segregation violates his due process rights. To maintain his due process challenge, Plaintiff must establish that his transfer to administrative segregation deprived him of a liberty interest protected by the Fourteenth Amendment. *Meachum v. Fano,* 427 U.S. 215, 223 (1976). Generally speaking, due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incidents of prison life, or to those that extend the length or duration of confinement. *Sandin,* 515 U.S. at 484–86. Indeed, a prisoner has no liberty interest in his custodial classification. *Wilkerson Stalder,* 329 F.3d 431, 435–36 (5th Cir. 2003); *see also Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

In the wake of *Sandin*, federal courts have repeatedly found that placement in administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest. *See, e.g., Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015)

(Mem.); *Pichardo*, 73 F.3d at 613; *Luken*, 71 F.3d at 193 ("*Sandin* establishes that Luken's administrative segregation, without more, does not constitute a deprivation of a constitutionally protected liberty interest."); *Al-Amin v. Donald*, 165 F. App'x 733, 738 (11th Cir. 2006) ("Confinement in administrative segregation, under conditions substantially similar to those experienced by the general population of the prison, does not implicate liberty interests...")

Here, Plaintiff's continued placement in administrative segregation for eighteen months—regardless of whether his disciplinary case was overturned—is not a protected liberty interest. Placement in administrative segregation is an incident to ordinary life as a prisoner, and Plaintiff failed to allege or even demonstrate that his placement constitutes an atypical significant deprivation of his rights when considering the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484; *see also Dickerson v. Cain*, 241 F. App'x 193, 2007 WL 2033280 at *1 (5th Cir. 2007) ("Dickerson has not shown that his placement in Camp J extended lockdown presented an atypical or significant hardship beyond the ordinary incidents of prison life."). Considering all the evidence and argument in the light most favorable to Plaintiff, he has failed to state a claim upon which relief can be granted under the Fourteenth Amendment.

E. *Failure to Take Corrective Action*

Plaintiff asserts that Defendants Wheat, Burson, Gorsuch, Oliver, Crowley, John Doe, and Jane Doe knew or should have known that the disciplinary charges against him were false and that he was being denied his due process rights regarding the disciplinary hearing, the ASC hearing, and the SCC hearing, which ultimately placed Plaintiff in Administrative Segregation for 18 months. He further claims that the Defendants failed to take action to correct the improprieties and allowed improper acts and omissions to occur, depriving him of his due process rights. The Fifth

Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances or complaints resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *see also Minix v. Stoker*, 289 F. App'x 15, 17 (5th Cir. 2008).

Accepting as true Plaintiff's allegation that no defendant took any corrective action regarding his disciplinary case and placement in Administrative Segregation, Plaintiff does not show that a violation of any constitutionally protected liberty interest occurred. Plaintiff asserts that the Defendants should have conducted an administrative review of his situation. Plaintiff, however, is not constitutionally entitled to an administrative review. Similarly, Plaintiff failed to show that his placement in Administrative Segregation for 18 months violated his due process rights as discussed above. Plaintiff has failed to state a claim upon which relief may be granted against Defendants for this claim.

Plaintiff also appears to contend that he was denied due process because the defendants failed to follow prison policy regarding his placement in Administrative Segregation and its attendant follow-up review. An assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012); *see also Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989). To the extent that Plaintiff is alleging a freestanding due process claim because the prison officials failed to follow their own procedures for reviewing disciplinary cases or placement in Administrative Segregation, "[p]rocess is not an end in itself." *District Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52, 67 (2009). "Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *United States v. Crouch,* 84 F.3d 1497, 1516 (5th

Cir. 1996). Because Plaintiff has not shown that the defendants violated a constitutionally protected interest, he has not established a due process violation. *Neuwirth v. La. State Bd. of Dentistry,* 845 F.2d 553, 557 (5th Cir. 1988).

2. Qualified Immunity

Defendants argue that they are entitled to summary judgment based on qualified immunity. The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). "When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (internal quotation marks omitted). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To demonstrate the inapplicability of the qualified immunity defense, the plaintiff must satisfy a two-prong test. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong is whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). The second is "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known."

*Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). A court may consider the two-pronged inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Taking the evidence in the light most favorable to the non-movant, Plaintiff has not shown a violation of his constitutional rights. On this ground alone, the Defendants are entitled to summary judgment based on qualified immunity. Plaintiff likewise failed to satisfy the second prong of the qualified immunity analysis. More specifically, he has not shown that the Defendants violated statutory or constitutional rights of which a reasonable person would have known. Defendants are entitled to summary judgment based on both prongs of the qualified immunity analysis.

Moreover, the granting of summary judgment in favor of Defendants Hall, Wheat, Oliver, Crowley, Burson, and Gorsuch regarding Plaintiff's due process claims should be extended to the unserved Defendants—John Doe and Jane Doe.

Recommendation

It is recommended that the Defendants Hall, Wheat, Oliver, Crowley, Burson, and Gorsuch's motion for summary judgment (Dkt. #27) be granted and that the claims against the Defendants be dismissed with prejudice. Moreover, the granting of summary judgment in favor of Defendants should be extended to the unserved Defendants—John Doe and Jane Doe.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass*, 79 F.3d at 1430 (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 5th day of January, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE